UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

ROBERT AUSTIN MOODY　　　　　CIVIL ACTION NO. 6:15-cv-02417

VERSUS　　　　　　　　　　　　MAGISTRATE JUDGE HANNA

NOBLE DRILLING (U.S.) LLC　　　　BY CONSENT OF THE PARTIES

## MEMORANDUM RULING

Currently pending is the motion for partial summary judgment (Rec. Doc. 32), which was filed on behalf of the defendant, Noble Drilling (U.S.) LLC. The motion is opposed. Considering the evidence, the law, and the arguments of the parties, and for the reasons fully explained below, the motion is DENIED.

## Background

The plaintiff, Robert Austin Moody, was allegedly injured on Christmas Eve 2014 while working as a floorhand for Noble on its drillship NOBLE DON TAYLOR in the Gulf of Mexico. In his complaint, Moody alleged that he is a Jones Act seaman, and he asserted various claims under the general maritime law including claims for maintenance and cure and for compensatory and punitive damages in the event that Noble breached its duty to provide proper maintenance and cure benefits.

In the pending motion, Noble seeks a ruling that Moody is not entitled to continued maintenance payments because he has not incurred any actual expenses for

food or lodging since the accident.  Noble also seeks dismissal of Moody's claim for damages attributable to Noble's alleged failure to properly pay maintenance and cure.

## Law and Analysis

### A.    The Summary Judgment Standard

Under Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment is appropriate when there is no genuine dispute as to any material fact, and the moving party is entitled to judgment as a matter of law.  A fact is material if proof of its existence or nonexistence might affect the outcome of the lawsuit under the applicable governing law.[1]  A genuine issue of material fact exists if a reasonable jury could render a verdict for the nonmoving party.[2]

The party seeking summary judgment has the initial responsibility of informing the court of the basis for its motion and identifying those parts of the record that demonstrate the absence of genuine issues of material fact.[3]  If the moving party carries its initial burden, the burden shifts to the nonmoving party to demonstrate the

---

[1]    *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Sossamon v. Lone Star State of Tex.*, 560 F.3d 316, 326 (5th Cir. 2009); *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000).

[2]    *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008), citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 252; *Hamilton v. Segue Software, Inc.*, 232 F.3d at 477.

[3]    *Washburn v. Harvey*, 504 F.3d 505, 508 (5th Cir. 2007), citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

existence of a genuine issue of a material fact.[4]  All facts and inferences are construed in the light most favorable to the nonmoving party.[5]

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by pointing out that there is insufficient proof concerning an essential element of the nonmoving party's claim.[6]  The motion should be granted if the nonmoving party cannot produce evidence to support an essential element of its claim.[7]

## B.   <u>There is a Genuine Issue of Material Fact Concerning Noble's Maintenance Obligation</u>

Maintenance and cure provide a seaman who is disabled by injury or illness while in a ship's service with medical care and the means of maintaining himself while he is recuperating.[8]  Maintenance is a daily stipend for living expenses, and cure is the payment of medical expenses.[9]  Maintenance and cure are owed by the

---

[4]      *Washburn v. Harvey*, 504 F.3d at 508.

[5]      *Brumfield v. Hollins*, 551 F.3d at 326, citing *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986).

[6]      *Norwegian Bulk Transport A/S v. International Marine Terminals Partnership*, 520 F.3d 409, 412 (5th Cir. 2008), citing *Celotex Corp. v. Catrett*, 477 U.S. at 325.

[7]      *Condrey v. Suntrust Bank of Ga.*, 431 F.3d 191, 197 (5th Cir. 2005).

[8]      *Meche v. Doucet*, 777 F.3d 237, 244 (5th Cir. 2015).

[9]      *Bertram v. Freeport McMoran, Inc.*, 35 F.3d 1008, 1011-12 (5th Cir. 1994); *Pelotto v. L & N Towing Co.*, 604 F.2d 396, 400 (5th Cir. 1979).

shipowner without regard to the employer's negligence or the ship's seaworthiness.[10] Maintenance and cure are owed until the seaman reaches the point of maximum medical improvement.[11]  A seaman reaches maximum medical improvement when it is probable that future treatment will not result in the improvement of his condition.[12] Therefore, the maintenance and cure duty does not extend to treatment that is only palliative in nature and "results in no betterment in the claimant's condition."[13] Whether a seaman has reached MMI is a medical determination requiring the advice of a physician.[14]  Ambiguity or doubt concerning a seaman's entitlement to maintenance and cure must be resolved in the seaman's favor.[15]

_____

[10]      *Pelotto v. L & N Towing Co.*, 604 F.2d at 400.

[11]      *MNM Boats, Inc. v. Johnson*, 248 F.3d 1139, 1140 (5th Cir. 2001) (per curiam) (unpublished); *Breese v. AWI, Inc.*, 823 F.2d 100, 104 (5th Cir. 1987).

[12]      *Springborn v. Am. Commercial Barge Lines, Inc.*, 767 F.2d 89, 95 (5th Cir. 1985); *Pelotto v. L & N Towing Company*, 604 F.2d at 400.

[13]      *Johnston v. Tidewater Marine Service*, 116 F.3d 478, 1997 WL 256881, at *2 (5th Cir. 1997) (per curiam) (unpublished); *Rashidi v. Am. President Lines*, 96 F.3d 124, 128 (5th Cir. 1996); *Pelotto v. L & N Towing Co.*, 604 F.2d at 400.

[14]      *Breese v. AWI, Inc.*, 823 F.2d at 104; *Tullos v. Resource Drilling, Inc.*, 750 F.2d 380, 388 (5th Cir. 1985).

[15]      *Johnson v. Martin Drilling Co.*, 893 F.2d 77, 79 (5th Cir. 1990); *Gaspard v. Taylor Diving & Salvage Co.*, 649 F.2d 372, 374 n. 2 (5th Cir. 1981); *Liner v. J. B. Talley & Co.*, 618 F.2d 327, 332 (5th Cir. 1980); *Vaughan v. Atkinson*, 369 U.S. 527, 532 (1962).

The Fifth Circuit has explained how maintenance is to be calculated.  "A seaman is entitled to the reasonable cost of food and lodging, provided he has incurred the expense."[16]  Furthermore,

> A plaintiff who is a seaman injured while in the service of a vessel is entitled to maintenance if he incurred the costs of food and lodging during that period.  The plaintiff must present evidence to the court that is sufficient to provide an evidentiary basis for the court to estimate his actual costs.  If the plaintiff presents no evidence of actual expenses, the plaintiff may not recover maintenance.  Otherwise, the court must determine the maintenance award.[17]

When called upon to determine the amount of maintenance owed, the court must compare the seaman's actual costs of food and lodging with the reasonable cost of food and lodging in the locality where the plaintiff lives.[18]  If the seaman's actual expenses are less than a reasonable amount, an amount greater than the seaman's actual expenses may be awarded.[19]  "Awarding a standardized rate of maintenance is appropriate as long as the seaman provides evidence that his actual expenses meet or exceed the standard, reasonable amount."[20]

---

[16]     *Hall v. Noble Drilling (U.S.) Inc.*, 242 F.3d 582, 587 (5th Cir. 2001).

[17]     *Hall v. Noble Drilling (U.S.) Inc.*, 242 F.3d at 590.

[18]     *Hall v. Noble Drilling (U.S.) Inc.*, 242 F.3d at 590.

[19]     *Hall v. Noble Drilling (U.S.) Inc.*, 242 F.3d at 590.

[20]     *Hall v. Noble Drilling (U.S.) Inc.*, 242 F.3d at 592.

Awarding maintenance without the presentation of evidence of the seaman's living expenses is reversible error.[21] "A seaman need not present evidence of the reasonable rate; a court may take judicial notice of the prevailing rate in the district,"[22] but that does not relieve the seaman of the obligation to present evidence concerning his own actual expenses. The seaman's own testimony as to his expenses may be sufficient evidence of the amount of maintenance due.[23] An injured seaman is not entitled to maintenance if he resides with his family and incurs no expenses in obtaining food and lodging.[24] But when a seaman's food and lodging expenses have been paid for him during his convalescence and he has made an expressed intention to pay for them, the seaman may recover maintenance even if the repayment obligation is not legally enforceable.[25] The seaman's burden of producing evidence

[21]     *Hall v. Noble Drilling (U.S.) Inc.*, 242 F.3d at 588, n. 18 ("In fact, exclusion of such evidence is reversible error. See *McWilliams v. Texaco, Inc.*, 781 F.2d 514, 517 (5th Cir. 1986) (holding that it is error to exclude evidence of plaintiff's expenses or of the costs of living in the locality); *Curry v. Fluor Drilling Serv., Inc.*, 715 F.2d 893, 896 (5th Cir. 1983) (stating that the seaman's prima facie case is proving "the actual living expenditures which he found necessary to incur during his convalescence.")

[22]     *Hall v. Noble Drilling (U.S.) Inc.*, 242 F.3d at 590.

[23]     *Harper v. Zapata Off-Shore Co.*, 741 F.2d 87, 91 (5th Cir. 1984), citing *Caulfield v. AC & D Marine, Inc.*, 633 F.2d 1129, 1132 (5th Cir. 1981).

[24]     *Collinsworth v. Oceanic Fleet, Inc.*, No. 91-866, 91-1864, 1991 WL 165732 at *1 (E.D. La. Aug. 20, 1991), citing *Johnson v. United States*, 333 U.S. 46 (1948).

[25]     *Hall v. Noble Drilling (U.S.) Inc.*, 242 F.3d at 588, citing *McWilliams v. Texaco, Inc.*, 781 F.2d 514, 517-18 (5th Cir. 1986).

of his expenses is a light one, and a court may award reasonable expenses even if the precise amount of actual expenses is not conclusively proven.[26]

It is an undisputed fact that Noble has paid Moody $35 per day in maintenance since the accident, which is the equivalent of $1,080 per month.[27]  At his deposition, Moody testified that he has lived with his parents since the accident "free and clear" without paying rent or contributing to their utility bills.[28]  Noble interprets this to mean that Moody has not incurred any expenses for food or lodging since his accident.  In response to Noble's motion, however, Moody submitted his own affidavit and that of his mother, establishing that he has incurred some expenses for food since the accident and that he has indicated to his parents that he intends to repay them for their generosity in providing for his food and lodging since the accident.[29]  In his affidavit, Moody stated that he lived with his parents while he was working for Noble before the accident, and that during that time frame he spent "approximately $400 per month on food and groceries out of my own pocket."[30]  He also stated that after his disability payments were reduced from $2500 per month to

---

[26]     *Hall v. Noble Drilling (U.S.) Inc.*, 242 F.3d at 588.

[27]     Rec. Doc. 32-2 at 2; Rec. Doc. 32-3 at 18.

[28]     Rec. Doc. 32-4 at 56-57.

[29]     Rec. Doc. 35-7, 35-8.

[30]     Rec. Doc. 35-7 at 2.

$150 per month, he spent approximately $200 per month on food and grocery expenses.[31]  This is important factual information that creates a genuine issue of material fact concerning the proper amount of maintenance that Noble might ultimately be required to pay.  However, these facts are insufficient to establish what Moody's actual expenses for food and lodging have been since the accident.  Therefore, this information precludes summary judgment in Noble's favor and does not provide a basis of terminating maintenance at this time, particularly since there is no evidence that Moody has reached maximum medical improvement.

### C.   There is a Genuine Issue of Material Fact Concerning Whether Moody is Entitled to Damages for Noble's Alleged Failure to Properly Pay Maintenance and Cure

When the payment of maintenance or cure is wrongfully denied, a sliding scale of shipowner liability is applied.  A shipowner who is in fact liable for maintenance and cure but who reasonably denied the payments may be held liable only for the amount of maintenance and cure.[32]   A failure to pay maintenance and cure is reasonable if a diligent investigation indicates that the seaman's claim is not legitimate or if the seaman does not submit medical reports to document his claim.[33]

---

[31]      Rec. Doc. 35-7 at 2.

[32]      *Morales v. Garijak, Inc.*, 829 F.2d 1355, 1358 (5th Cir. 1987), abrogated on other grounds by *Guevara v. Maritime Overseas Corp.*, 59 F.3d 1496 (5th Cir. 1995).

[33]      *Morales v. Garijak, Inc.*, 829 F.2d at 1360.

If a shipowner refuses to pay maintenance and cure without a reasonable defense, the shipowner becomes liable for compensatory damages in addition to the maintenance and cure.[34]   If the shipowner rejects the claim in an arbitrary and capricious, or willful, callous, and persistent manner, he becomes liable for punitive damages and attorneys' fees as well as maintenance and cure and compensatory damages.[35]   If the shipowner terminates cure without obtaining a medical opinion, its investigation of the claim is inadequate, and its denial of cure may be arbitrary and capricious.[36] Whether to impose sanctions in such a situation is committed to the district court's sound discretion.[37]

As noted previously, it is an undisputed fact that Noble has paid Moody $35 per day in maintenance since the accident.  However, as also noted above, Moody has not yet proven that he is entitled to this amount of maintenance and no evidence has been presented showing that maintenance payments have been terminated.  Therefore, there is no basis, at this time, for a claim that maintenance has not been properly paid.

---

[34]     *MNM Boats, Inc., v. Johnson*, 248 F.3d at *1; *Morales v. Garijak, Inc.*, 829 F.2d at 1358.

[35]     *Chet Morrison Contractors, Inc.*, 666 F.3d 373, 382 (5th Cir. 2012); *Morales v. Garijak, Inc.*, 829 F.2d at 1358.

[36]     *Breese v. AWI, Inc.*, 823 F.2d at 104.

[37]     *Breese v. AWI, Inc.*, 823 F.2d at 102.

The possibility exists, however, that such a claim could arise in the future.  Noble asked this Court to dismiss Moody's "claim for punitive damages and attorney fees based on maintenance. . . payments to date" while "reserv[ing] the right to address [claims for future maintenance], if asserted, at a later date."[38]  This Court declines to take that action.  Until Moody has proven that he is entitled to recover maintenance, it cannot be determined that maintenance has or has not been paid properly. Therefore, Noble's request for relief with regard to maintenance is premature.

With regard to cure, Moody presented evidence that certain of his medical bills have not been paid.  In particular, his discovery responses indicate that Noble stopped paying for prescription medications purchased from Anderson Pharmacy in July 2015[39] and he supported that statement with the affidavit of Moody's mother, Brenda R. Moody, who stated that she has paid for all of Moody's prescription medication since July 17, 2015.[40]  Moody also contends that Noble has not paid for three visits with his treating physician, Dr. John Adams.[41]  On the record as it exists at this time, however, this Court cannot determine whether the unpaid medical bills fall within the

---

[38]     Rec. Doc. 32-1 at 1 n.1.

[39]     Rec. Doc. 32-2 at 3

[40]     Rec. Doc. 35-8 at 3.

[41]     Rec. Doc. 35-5.

scope of Noble's cure obligation, nor has any evidence been presented with regard to why Noble has not paid these bills.  Thus, a genuinely disputed issue of material fact exists concerning whether Noble has satisfied its cure obligation.  This dispute precludes summary judgment in Noble's favor.

## Conclusion

For the reasons explained above, this Court finds that there are genuine issues of material fact that preclude summary judgment with regard to whether Moody is entitled to recover maintenance from Noble and with regard to whether Moody is entitled to damages for Noble's alleged failure to properly pay cure.  Accordingly, Noble's motion for partial summary judgment is DENIED.

Signed at Lafayette, Louisiana on this 28th  day of November 2016.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE